**COLUMBIA RIBBON AND CARBON MANUFACTURING CO., INC.,**
Plaintiff,

v.

**G. Harry KAPRALOS et al.,**
Defendants.

**No. 74 C 541.**

United States District Court,
E. D. New York.

April 29, 1974.

Lord, Day & Lord, New York City, for plaintiff.

Sage, Gray, Todd & Sims, New York City, for defendants, G. Harry Kapralos and Fred Brandenberg.

Reynolds, Richards, LaVenture, Hadley & Davis, New York City, for defendant, Eldon Murray Dixon.

Hawkins, Delafield & Wood, New York City, for defendant, Henry B. Holmes.

## MEMORANDUM and ORDER

### BRUCHHAUSEN, District Judge.

The plaintiff, by order to show cause, dated April 5, 1974, moved for a preliminary injunction, upon the ground that the defendants' tender offer, dated March 15, 1974, violated Sections 10(b) and 14(e) of the Securities and Exchange Act and the rules and regulations of the Securities and Exchange Commission.

The specific charge is that the defendants, Brandenberg and Kapralos, omitted from the said tender offer information concerning the identity and background of the offerors, the defendants' intentions as to selling the stock, recent transactions in and present equity interest held by them, the defendants' source of funds to be used to acquire plaintiff's shares and their financial background, relative to performing their financial obligations, undertaken by the offer.

The stock of the plaintiff has never been registered or listed on any national exchange. Its stockholders are principally members of a few families, who have held their stock more than twenty-five years and are either officers and/or directors of the company, or individuals, who acquired their stock by inheritance from officers, directors or stockholders of the plaintiff.

The issue herein is whether the offer apprised the offerees of the facts and whether it contained any misstatements.

Rule 14D–1 of the said Act seems to be the provision, which the plaintiff relies upon. It does not apply to unregistered securities.

The defendants assert that no stockholder, interested in selling his stock, can be misled, in that it is on a cash basis and the stockholders are familiar with the company's activities.

The plaintiff relies upon Corenco Corporation v. Schiavone & Sons, Inc., 362 F.Supp. 939 (S.D.N.Y.) affirmed by Circuit 2 in 1973. It holds "that materiality of the information must be judged separately in every case."

In Electronic Specialty Co. v. International Controls Corp., 409 F.2d 937, 947, Circuit 2, the Court stated: "If the filings are defective or the tender offer misleading, the court can require correction * * *."

The plaintiff has not made a clear showing of probable success on the merits and possibly irreparable injury, to support its motion for a preliminary injunction.

Upon due deliberation, it is ordered that the plaintiff's motion for a preliminary injunction be and it is hereby denied.